

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-1995

# Riley v Taylor

Precedential or Non-Precedential:

Docket 94-9000

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Riley v Taylor" (1995). *1995 Decisions.* Paper 201.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/201

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

No. 94-9000
_____

JAMES WILLIAM RILEY,

v.

STANLEY W. TAYLOR; M. JANE BRADY*,
Appellees

James W. Riley,
Appellant

*M. Jane Brady substituted for Charles M. Oberly, III,
pursuant to Rule 43, F.R.A.P., per Clerk Order dated 1/19/95
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 91-cv-00438)

_____

Argued:  March 8, 1995

PRESENT:  BECKER, HUTCHINSON and ALITO, <u>Circuit Judges</u>

(Filed July 27, 1995)

_____

Thomas J. Allingham, II, Esquire          (Argued)
Mary M. MaloneyHuss, Esquire
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE  19899

     and

Lawrence J. Connell, Esquire
Widener University School of Law
P.O. Box 7474

Concord Pike
Wilmington, DE  19803
                    Attorneys for Appellant

Paul R. Wallace, Esquire                    (Argued)
Steven P. Wood, Esquire                      (Argued)
Manuela DiNardo, Esquire
Department of Justice
820 North French Street
Wilmington, DE  19801
                    Attorneys for Appellees

_____

OPINION OF THE COURT
_____


HUTCHINSON, Circuit Judge.

Appellant, James William Riley ("Riley"), a Delaware death row inmate, ap

final order of the United States District Court for the District of Delaware denyin

petition for a writ of habeas corpus.  Delaware sentenced Riley to death after a ju

found him guilty of felony murder and recommended his execution.[0]  Riley also appea

several of the district court's interlocutory orders, including its denial of his m

for leave to amend his habeas petition.  We hold that the district court's denial o

Riley's motion to amend his petition was inconsistent with the exercise of sound

discretion.  Accordingly, we will reverse the district court's order denying Riley

to amend his petition, vacate its order denying the original petition and remand fo

reconsideration of all the issues Riley seeks to raise in his proposed amended peti

including those issues the district court decided on the allegations in the unamen

petition.[0]

_____

[0] Delaware grades felony murder as murder in the first degree.  See 11 Del.C. § 636(a
Persons found guilty of felony murder are subject to capital punishment.  The fact
death occurred in the commission of a felony is one of the aggravating factors Dela
uses to narrow the class of persons who can be sentenced to death.  See Riley v. St
496 A.2d 997, 1021 (Del. 1985), cert. denied, 478 U.S. 1022 (1986).
[0] The other interlocutory orders Riley appeals are:  (1) the district court's refusa
conduct an evidentiary hearing; (2) the district court's denial of his motions to c
discovery and expand the record; and (3) the district court's denial of his applica
for funds for a psychiatrist and private investigator.  Because of our disposition
not consider the merits of these other interlocutory orders nor the merits of any o
Riley's arguments concerning them, beyond his challenge to the district court's den

4

I.

After a five and one-half day trial, a jury convicted Riley of two counts

first degree murder (felony murder and intentional murder), second degree conspirac

possession of a deadly weapon during the commission of a felony and robbery in the

degree. The convictions arose out of a liquor store robbery by Riley and co-defend

Tyrone Baxter ("Baxter") and Michael Williams ("Williams"). During the robbery, th

liquor store owner resisted and hit Riley with a bottle of wine. Riley shot the ow

twice, killing him.[0]

The State's case was largely based on Baxter's and Williams's testimony.[0]

the jury found Riley guilty, it heard evidence on whether he should be sentenced to

or life imprisonment.[0] The jury unanimously recommended death, and the state trial

---

his motion to amend. These other arguments are that: (1) the State's exercise of
peremptory challenges violated the Equal Protection Clause; (2) his trial counsel's
performance was ineffective; (3) the jury was biased in favor of the death penalty;
(4) prejudicial statements were made to the jury on the finality of a death senten
(5) the state court's proportionality review was unconstitutional; (6) the jury
instructions created a substantial risk that the death penalty would be imposed in
arbitrary and capricious manner; (7) the district court erred by denying his motion
appoint co-counsel and an investigator; and (8) the state's use of felony murder to
establish both eligibility for and imposition of the death penalty was unconstituti
Accordingly, we express no opinion on the merits of these or any other issues raise
Riley, except to note with respect to issue number (8) that our opinion in Deputy v
Taylor, 19 F.3d 1485 (3d Cir.), cert. denied, sub. nom., Stanley v. Taylor, 114 S.
2730 (1994), is binding on this panel. Under the circumstances of this case, we be
the district court should consider all these issues in light of the amended petitio
that a record can be developed in connection with its allegations.
[0]For a more detailed discussion of the facts underlying Riley's convictions, see Ri
Snyder, 840 F. Supp. 1012, 1017 (D. Del. 1993) and Riley v. State, 496 A.2d at 1001
[0]Plea bargains resulted in a life sentence for Baxter. The charges against William
dropped.
[0]Once a Delaware jury decides that any of the statutory aggravating circumstances a
present it is free to consider any relevant circumstance in determining whether to
sentence a capital defendant to life imprisonment or death. See Whalen v. State, 4
552, 560 (Del. Sup. 1985); Flamer v. State, 490 A.2d 104, 121-23 (1984), cert. deni
U.S. 865 (1985).

5

sentenced Riley to be hung.[0]  It also sentenced Riley to life imprisonment without

for intentional murder, twenty years imprisonment for robbery, five years imprisonm

possession of a deadly weapon and three years imprisonment for conspiracy.

On direct appeal, the Delaware Supreme Court affirmed Riley's conviction

death sentence.  Riley v. State, 496 A.2d at 1027.  Riley then obtained new counsel

Lawrence Connell ("Connell"), and sought post-conviction relief in the Delaware Sup

Court.  Riley raised multiple issues, including discriminatory use of peremptory

challenges, ineffective assistance of counsel and inadequate voir dire.  After hold

three evidentiary hearings on the ineffectiveness issue, the Superior Court denied

motion for post-conviction relief. Riley moved for reargument.  In considering the

reargument motion, the Superior Court held that Riley had established a prima facie

of racial discrimination in the state's use of peremptory challenges against prospe

jurors.  See Batson v. Kentucky, 476 U.S. 79 (1986).  It held an evidentiary hearin

the Batson issue, but ultimately decided it against Riley, and reaffirmed its denia

Riley's motion for post-conviction relief.

The Delaware Supreme Court affirmed the Superior Court's denial of

post-conviction relief.  Riley v. State, 585 A.2d 719, 730 (Del. 1990), cert. denie

U.S. 1223 (1991). It considered and rejected Riley's contentions that: (1) the jury

instructions were inadequate at the penalty stage, id. at 722-25; (2) the Superior

erred in applying Batson, id. at 725; (3) the voir dire was inadequate to identify

who would automatically impose the death penalty, id. at 725-26; and (4) trial cou

ineffective at the penalty stage, id. at 726-30.  After the United States Supreme C

denied Riley's petition for a writ of certiorari, the Delaware Superior Court on Ju

1992 ordered that Riley be executed on August 15, 1991.    Three days before the

---

[0]Delaware has amended its law concerning capital punishment so that persons sentenc
death after June 13, 1986 are now executed by lethal injection.  See State v. Deput
A.2d 411, 415-416 (Del. Sup. 1994) (discussing 11 Del.C. § 4209).  Those sentenced
death before that date can elect death by hanging or lethal injection.  Id.

6

scheduled execution, Riley filed a petition for habeas corpus in the United States District Court for the District of Delaware and sought an ancillary stay of executi The district court granted a stay.

In October 1991, after he filed a brief on the issues the petition raised the State responded, Riley moved for substitution of counsel. He asked that Thomas Allingham, III, ("Allingham") and Mary M. MaloneyHuss of Skadden, Arps, Slate, Meag Flom enter their appearance as lead counsel with Connell to continue as co-counsel. hearing on the motion Connell explained that he lacked the time and resources to co an adequate investigation of Riley's claims. The district court granted the motion extended the filing date for Riley's reply brief, the only outstanding submission, January 31, 1992. The court also stated it anticipated an amended petition, advisi Allingham that further extensions beyond January 31, 1992 would not be granted abse extreme circumstances.[0] In response Allingham told the court that the January 31 d suggested "virtually in the dark" after only three days of preparation, but that he do everything possible to meet it.

On January 10, 1992 Riley sought leave to amend his petition and stay fur briefing until an amended petition could be filed. Appended to the motion was an affidavit describing the nature of the work completed, the number of hours spent to in preparing the case (over 700 hours) and an estimate of time required to complete investigation (an additional 750-800 hours). The motion for leave to amend did not the text of a proposed amended petition, but instead sought a six-month extension t

---

[0]The district court said:

> I think [the State] correctly judges this, that there's going to be an amended petition, probably. I don't know whether it will be the mother of all petitions, but it will probably be real close. And then I think we'll have joined for you two to fight out the issues in the case before me and then I think the case will move rather quickly.

App. at 1010.

prepare one. On February 25, 1992 the district court denied the motion for extensi[on]

stating that "the Court concludes that Petitioner essentially seeks time to establi[sh a]

new case, which ultimately defies the purpose of federal habeas review." Riley v. [...]

No. 91-438-JJF, slip op. at 4 (D. Del. Feb. 25, 1992) (unpublished disposition) (ci[ting]

McCleskey v. Zant, 111 S. Ct. 1454, 1469-70 (1991) (successive habeas petitions sub[ject to]

dismissal for abuse of the writ)).

On March 6, 1992 Riley moved for reconsideration. This time he attached [an]

amended petition he proposed to file. The State did not oppose Riley's motion for

reconsideration, but the district court denied it anyway. It also denied three oth[er]

motions filed on Riley's behalf: one seeking expert psychiatric, psychological, an[d]

investigative assistance; another for an order directing the State to file copies o[f]

missing transcripts; and a third requesting leave to pursue discovery and expand th[e]

record. On December 20, 1993 the district court issued an opinion and final order o[n]

Riley's petition for a writ of habeas corpus. The district court concluded, "the st[ate]

court record provides a sufficient basis to decide the merits." Nevertheless it is[sued a]

certificate of probable cause and stayed Riley's execution pending disposition of t[his]

appeal.


II.

The district court had subject matter jurisdiction over Riley's petition [...]

pursuant to 28 U.S.C.A. § 2244 (West 1994). We have appellate jurisdiction pursuan[t to 28]

U.S.C.A. § 1291 (West 1993) and 28 U.S.C.A. § 2253 (West 1994). We review a distri[ct]

court's denial of a motion to amend a petition for a writ of habeas corpus, as we d[o a]

denial of a motion to amend any civil complaint, for abuse of discretion. See Gill[ v.]

Tansy, 17 F.3d 308, 312 (11th Cir. 1994); Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3[d Cir.]

1993); 28 U.S.C.A. § 2242 (West 1994) (An application for a writ of habeas corpus '[...]

8

amended or supplemented as provided in the rules of procedure applicable to civil actions.").


III.

Riley argues that the district court erred when it denied his request for to amend the petition. The Federal Rules of Civil Procedure apply to motions to am petitions for a writ of <u>habeas</u> <u>corpus</u>. <u>See</u> 28 U.S.C.A. § 2242 (West 1994). The rul provide in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and <u>leave shall be freely given when justice so requires</u>.


Fed. R. Civ. P. 15(a) (emphasis added).

In <u>Foman v. Davis</u>, 371 U.S. 178, 181-82 (1962), the Supreme Court interpr the phrase "freely-given" as a limit on a district court's discretion. It stated, Federal Rules reject the approach that pleading is a game of skill in which one mis counsel may be decisive to the outcome and [that it] accept[ed] the principle that purpose of pleading is to facilitate a proper decision on the merits.'" <u>Id.</u> at 182 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 48 (1957)). Thus, a refusal of a motion fo to amend must be justified. <u>Id.</u> Permissible justifications include: (1) undue dela (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeat failures to correct deficiencies with previous amendments; and (5) futility of the amendment. <u>Id.</u>; <u>see</u> <u>also</u> <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir. 1993); <u>Dol Arco Chemical Co.</u>, 921 F.2d 484, 487 (3d Cir. 1990); <u>Averbach v. Rival Mfg. Co.</u>, 87 1196, 1203 (3d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1023 (1990); <u>Jablonski v. Pan Ame World Airways, Inc.</u>, 863 F.2d 289, 292 (3d Cir. 1988); <u>J.E. Mamiye & Sons, Inc. v. Fidelity Bank</u>, 813 F.2d 610, 613 (3d Cir. 1987).

9

The State argues primarily that Riley's motion for leave to amend was an

of the writ within the meaning of <u>McClesky v. Zant</u>, 499 U.S. 467 (1991), because Ri

not show "cause and prejudice" for his failure to include new claims in his earlier

petition.  Brief of Appellee at 11 ("Following <u>McCleskey</u>, Riley's inability to excu

failure to raise these claims in his first petition dooms him to failure on the 'ca

prong of the cause and prejudice test."); <u>see</u> <u>also</u> <u>Wise v. Fulcomer</u>, 958 F.2d 30, 3

Cir. 1992).  We disagree.

In <u>McCleskey</u>, the Supreme Court sought to curtail successive petitions fo

<u>habeas</u> <u>corpus</u>.  It reasoned that a petitioner "may abuse the writ of [habeas corpus

failing to raise a claim through inexcusable neglect."  <u>McCleskey</u>, 499 U.S. at 489;

<u>also</u> <u>Keeney v. Tamayo–Reyes</u>, 112 S. Ct. 1715, 1720 n.5 (1992).  After <u>McCleskey</u>, a

meritorious claim first raised in a motion to amend could be lost forever if leave

amend is denied.  On the record now before us, we believe Riley's not insignificant

of losing the opportunity to litigate the issues he raises in his proposed amended

petition conflicts with the strong presumption of the Federal Rules of Civil Proced

favoring decisions on the merits.  <u>See</u> <u>Fetterly v. Paskett</u>, 997 F.2d 1295 (9th Cir.

<u>cert. denied</u>, 115 S. Ct. 290 (1994) (amendments to an initial petition for <u>habeas</u> <u>c</u>

should be liberally permitted in order to ensure a single comprehensive petition ra

than successive petitions advancing new claims.).[0]  Riley merely seeks leave to ame

initial petition.  In <u>McCleskey</u> the Supreme Court was considering the practice of f

successive petitions.  <u>See</u> <u>McCleskey</u>, 499 U.S. at 479.  <u>See</u> <u>also</u> <u>Foman</u>, 371 U.S. at

---

[0]In <u>Fetterly</u>, a petitioner sentenced to death discovered previously unexhausted cla
To avoid the contention that he abused the writ, he sought a stay so that he could
all his claims in state court before presenting them to the district court in a sin
comprehensive petition for <u>habeas</u> <u>corpus</u>. <u>Fetterly</u>, 997 F.2d at 1301–02.  The court
appeals held that the district court abused its discretion when it refused to stay
federal <u>habeas</u> proceedings to permit petitioner to exhaust his newly discovered cla
the state courts and thereafter amend his petition.  <u>Id.</u>

The State also seeks to justify the district court's denial of Riley's mo[tion] for leave to file an amended petition on the ground of undue delay. It states that Riley's "request, if granted, for a six month extension . . . would have constitute[d] delay, because nearly one year would have passed between the filing of Riley's firs[t] petition and the extended filing date." Brief of Appellee at 10. We believe the p[assage] of this interval fails to justify the denial of a motion for leave to amend a petit[ion for] a writ of habeas corpus.

We believe this interval, standing alone "is an insufficient ground upon [which] to deny a motion to amend." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, [1213] (3d Cir. 1984) (citing Cornell and Co. Inc. v. OSHRC, 573 F.2d 820 (3d Cir. 1978)). [The] six month delay Riley initially sought, though substantial, is not so extremely lo[ng that] in and of itself it justifies the refusal of an extension. Riley's counsel explain[ed that] he needed additional time because of "incomplete state court records and the comple[xity of] the case," Brief of Appellant at 16. Moreover, it quickly became apparent that a [much] shorter extension would have met Riley's need when counsel attached the text of a p[roposed] amended petition to the motion for reconsideration Riley filed one week later. Thu[s, when] the district court denied reconsideration, it was apparent that an order granting a [more] reasonable extension beyond the initial January 31, 1992 deadline would not have re[sulted] in undue delay. Of course, the district court's initial statement on October 18, 19[91 that] it would not look favorably upon requests for an extension of time beyond January 3[1, 1992] cannot, in and of itself, justify refusal of Riley's request for an extension that [is not] undue, particularly where there is no claim that the extension actually needed wil[l be] prejudicial to the state. Otherwise a court's announcement of a deadline would, ips[e] dixit, trump the policy behind Rule 15 and the principles of Foman.[0]

---

[0]The parties do not contend that bad faith or repeated failure to correct deficienc[ies are] present here.

11

Riley filed his original motion for an extension, in a timely fashion, th[ree] weeks before the January 31, 1992 deadline. He also acted quickly once the district [court] denied the January 10, 1992 motion on February 25, 1992, after the court's January [31,] 1992 deadline had passed.  Though Riley's counsel at oral argument conceded that he [had no] real expectation of getting the full six month extension he asked for, he also repr[esented] that an amended petition could have been filed by the January 31, 1992 deadline if [the] court had indicated, before the deadline expired, that it would not be extended.[0]

The district court's explained its initial denial of Riley's motion for l[eave to] amend as follows:

> After a careful review of [Riley]'s application and considering the arguments of counsel, the Court concludes that [he] essentially seeks time to establish a new case, which ultimately defies the purposes of federal habeas review.  The Court is persuaded that the objective of making full and comprehensive presentation of the appropriate issues for review in this case does not necessitate the filing of an amended petition, and thus, the Court will deny [Riley]'s Motion for Leave to File an Amended Petition.

Riley v. Taylor, No. 91-438, slip op. at 4 (D. Del. Feb. 25, 1992) (citations omitt[ed]). We disagree.  Riley's amended petition not only advances new arguments in support o[f his] initial petition for a writ of habeas corpus, but it also raises two entirely new c[laims.] They appear to be fully exhausted and not the subject of procedural default.  Thoug[h we] cannot say Riley will prevail on any of them, we are equally unable to say the amen[dments] he proposed are so unlikely to affect the outcome that they would be futile.

The first new claim is based on Witherspoon v. Illinois, 391 U.S. 510 (19[68].) In Witherspoon, the Supreme Court held that in capital cases the Sixth and Fourtee[nth] Amendments prohibit exclusion of jurors who have voiced "general objections to the [death] penalty" or "religious scruples against its infliction" for cause.  Id. at 522. Otherwise, according to the Supreme Court's reasoning, juries so selected would be [biased]

---

[0]This representation is supported by the attachment of the proposed amended petitio[n to] Riley's March 6, 1992 motion for reconsideration.

12

predisposed to impose the death penalty once they had found the defendant guilty of

capital crime.  The present record arguably shows that the state court that tried R

capital case arguably excluded two potential jurors for cause because of their anti

to the death penalty, rather than a refusal to vote for capital punishment if death

justified by the law and the evidence.[0]

Riley's other new claim is based on Brady v. Maryland, 373 U.S. 83, 87 (1

(criminal defendant has constitutional right to receive any evidence in the prosecu

possession which would tend to exculpate him).  In Brady, the Supreme Court conclu

"the suppression by the prosecution of evidence favorable to an accused upon reques

violates due process where the evidence is material either to guilt or to punishmen

Id. This evidence consists of transcripts of telephone conversations between Baxter

Baxter's mother.  Riley alleges that Baxter spoke with her on numerous occasions be

the time of arrest and trial.  He sought a transcript of the tape recordings of the

calls for possible impeachment of Baxter, a key witness for the prosecution.  See U

States v. Bagley, 473 U.S. 667, 676 (1985) (impeachment evidence within the Brady r

The trial court, without performing an in camera review, denied Riley's request for

transcripts.[0]

An "[a]mendment of the complaint is futile if the amendment will not cure

deficiency in the original complaint or if the amended complaint cannot withstand a

renewed motion to dismiss."  Jablonski v. Pan American World Airways, Inc., 863 F.2

292 (3d Cir. 1988) (citing Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d

cert. denied, 464 U.S. 937 (1983)).  We cannot say that is the case with Riley's pr

amendments.

---

[0]While we do not resolve this issue, we note that it was twice raised in the Delawa
Supreme Court and rejected.  See Riley v. State, 585 A.2d at 725-26; Riley v. State
A.2d at 1002-06.
[0]No court has yet reviewed these tapes, in camera or otherwise. Riley's Brady claim
however, rejected by the Delaware Supreme Court.  See Riley v. State, supra, 496 A.
1019.

13

To summarize, Riley's proposed amended petition advances new claims that

have arguable merit, alleges additional support for the claims he made in the origi

petition, was not the subject of undue delay and, on this record, it does not appea

the short delay actually needed to prepare the amended petition would have prejudic

state. Accordingly, we hold that the district court's order denying Riley leave to

his petition for a writ of <u>habeas</u> <u>corpus</u> is inconsistent with the exercise of soun

discretion in light of Rule 15(a)'s command that amendments should be freely allowe

justice so requires.

## IV.

The district court's order denying Riley's motion for leave to amend his

petition for a writ of <u>habeas</u> <u>corpus</u> will be reversed and the case remanded to the

district court to allow Riley to file an amended petition in the form attached to h

March 6, 1992 motion for reconsideration and thereafter for further proceedings cor

with this opinion.