41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul SANDOVAL, Petitioner-Appellant,
v.
STATE of New Mexico, Respondent-Appellee.
 No. 93-2212.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 23, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Paul Sandoval appeals from the district court order which adopted the proposed findings and recommended disposition of the magistrate judge ("report") and dismissed his 28 U.S.C. 2254 petition for a writ of habeas corpus. Raising the same issues as below, Sandoval contends that the district court erred in: (1) finding the evidence was sufficient to support his state court conviction; and (2) finding he had not been denied his constitutional right to effective assistance of counsel. Additionally, he now contends that: (1) the district court should have conducted an evidentiary hearing on both issues; and (2) he was denied effective assistance of counsel in this habeas proceeding. We affirm.
 
 I. BACKGROUND
 
 3
 The evidence presented at Sandoval's jury trial is detailed in the report. R. Vol. I, Tab 20. In summary, on October 5, 1987, Albuquerque Police Officers Smith and Griego saw a man whom they recognized as Paul Sandoval leave his car and approach Lazaro Candelaria's house. When the officers called to him by name, he continued into the house without responding. Officer Smith followed and, from outside the house, in plain view through the rear screen door, saw two men sitting at the kitchen table. As Smith watched, Sandoval handed a small foil packet to one of the men, and the other man counted out food stamps for Sandoval. Believing the exchange to be a drug sale, Smith entered the house, followed shortly by Griego.
 
 
 4
 The two officers recovered the small foil packet. They then questioned Sandoval and the two men, Alfredo and Lazaro Candelaria. Although they requested identification from Candelaria and Alfredo, the officers requested nothing from Paul Sandoval. When they finished questioning him, the officers gave Sandoval the keys which they had removed from his car and allowed him to leave. Subsequently, Sandoval was indicted on trafficking in a controlled substance in violation of N.M. Stat. Ann. 30-31-20(A)(2) (Michie 1978).
 
 
 5
 At trial Sandoval based his defense on mistaken identity, that he was not the person the two officers encountered on October 5. The two officers testified as to the above facts, and identified Sandoval as the person they followed and questioned in the house. They testified that they knew Sandoval from previous encounters and therefore had not asked for his identification. Frank Lucero, senior criminalist at the Albuquerque Police Dept. Crime Lab, testified that he had analyzed the substance in the foil packet and found it to be heroin. Lazaro Candelaria testified that Sandoval was not the person who entered his house, and that he did not know the identity of the person who did. Sandoval did not testify.
 
 
 6
 The jury convicted. Sandoval appealed claiming insufficiency of the evidence. He did not raise the issue of ineffective assistance of counsel in his initial filing, but after receiving the calendar notice proposing summary affirmance, he filed a memorandum in opposition and a motion to amend his docketing statement to add this claim. See R. Vol. II, Memorandum Opinion, No 11,339 (N.M. Ct.App., May 11, 1989). The state court of appeals affirmed the conviction and denied his motion, "because we find the issue defendant seeks to add to be so without merit as not to be viable." Id. Sandoval's most recent filing in the state court record, "Petition for Habeas Relief," asserts ineffective assistance of counsel. R. Vol. II, Pet. for Writ of Habeas Corpus (Mar. 20, 1991). However, there is no indication that this petition was considered.
 
 
 7
 Although there is some confusion in the record, the state's brief does not argue any failure to exhaust or other state procedural bar. We conclude, as did the district court, that Sandoval has exhausted his state remedies and that consideration on the merits is appropriate.
 
 II. DISCUSSION
 
 8
 A. Right to Appeal. As a preliminary matter, the state argues that Sandoval has waived his right to appeal since he failed to file objections to the magistrate judge's report. The state points to the notice in the document containing the report. R. Vol. I, Tab 20 at 12. Observing that Sandoval was specifically apprised of the consequences of failing to file timely objections, the state urges us to dismiss his appeal.
 
 
 9
 In such circumstances, our waiver rule ordinarily applies as a procedural bar. See Moore v. United States, 950 F.2d 656 (10th Cir.1991). However, in this case the district court's order indicates that objections were filed. Thus, the order states, "objections to the proposed findings and recommended disposition having been filed, and the Court having made a de novo determination of those portions of the Magistrate Judge's proposed findings and recommended disposition objected to."[2] R. Vol. I, Tab 24.
 
 
 10
 "We will not look behind a district court's express statement that it engaged in a de novo review.' " Clark v. Poulton, 963 F.2d 1361, 1368 (10th Cir.), cert denied, 113 S.Ct. 635 (1992) (quoting Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992)). Although the record does not clearly indicate which portions of the report were reviewed de novo, we conclude that Sandoval has not waived his right to appeal as to any issue he raised in his petition below.[3]
 
 
 11
 B. Sufficiency of the Evidence. On the merits, Sandoval asserts that the state did not present sufficient evidence to support his conviction. He argues that the officers' identification was insufficient since it was contradicted by Candelaria. We disagree.
 
 
 12
 Sufficiency of the evidence for constitutional purposes is a question of law which we review de novo. Kelly v. Roberts, 998 F.2d 802, 807 (10th Cir.1993). As such, we review a habeas claim of insufficiency to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); Kelly, 998 F.2d at 807-808. However, we do not weigh conflicting evidence or the credibility of witnesses. Id. at 808. We thus "presume that the jury's findings in evaluating the credibility of each witness are correct," and we disregard testimony "only if we find the witness is inherently incredible." Tapia v. Tansy, 926 F.2d 1554, 1562 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991) (citations omitted). "Testimony, to be considered incredible, must be unbelievable on its face, i.e., testimony as to facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature.' " Id. (quoting United States v. Garner, 581 F.2d 481, 485 (5th Cir.1978)).
 
 
 13
 We agree with the magistrate judge's report, adopted by the district court.[4] After reviewing the record in this case, we find that the officers' testimony was not inherently incredible. Presented with conflicting testimony, the jury chose to believe the officers. We must presume that evaluation to be correct. Thus, viewing the evidence in the light most favorable to the prosecution, we conclude that Sandoval's jury could have found the essential elements of the crime beyond a reasonable doubt.
 
 
 14
 C. Effective Assistance of Counsel. For his second claim of error, Sandoval asserts that he was denied his constitutionally guaranteed right to effective assistance of counsel. Specifically, he complains that his attorney failed to object in three instances, and he contends that the cumulative effect of his trial attorney's errors deprived him of a meaningful defense.
 
 
 15
 We review de novo the district court's determination that a petitioner was not denied effective assistance of counsel. Minner v. Kerby, 30 F.3d 1311, 1316 (10th Cir.1994). To establish ineffective assistance of counsel, a petitioner has the burden of showing both that his attorney's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Gillette v. Tansy, 17 F.3d 308, 310 (10th Cir.1994). In the first instance, he must overcome the strong presumption that counsel's conduct was reasonable. Strickland, 466 U.S. at 689. In the second, he must show that, but for the deficiency, there is a reasonable probability that the result of the proceedings would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
 
 
 16
 Sandoval's first complaint is that his attorney failed to object to the court's qualifying Officer Smith as an expert. As detailed in the report, evidence of Smith's substantial experience, training, and knowledge of drug investigations was "such that he could probably make reasonably accurate conclusions about narcotic-related investigations." R. Vol. I, Tab 20 at 9-10. Thus, it is not evident that Sandoval's attorney had any valid basis for an objection.[5] Moreover, he did object to Smith's qualifications to identify persons under the influence of narcotics, and he was overruled. R. Vol. II, Tr. Proc., Nov. 14, 1988, at 5. Sandoval has failed to show that his attorney acted unreasonably by not making a questionable objection, or that the outcome probably would have been different if he had objected.
 
 
 17
 Sandoval also contends that Smith's testimony regarding previous encounters with him prejudiced the jury, and therefore his attorney should have objected. However, his defense of mistaken identity required the prosecution to establish a foundation for the officers' identification. Moreover, Sandoval's attorney specifically asked whether any of those prior encounters resulted in any indictments or court appearances, and Smith responded they did not. Thus, the record does not support Sandoval's claim that the jury was allowed to make improper inferences. Sandoval has shown no unreasonable performance or prejudice in this respect.
 
 
 18
 As his third example of deficient representation, Sandoval contends Griego's testimony that the neighborhood was a known drug trafficking area was prejudicial. Therefore, he argues that his attorney should have objected. As with the previous examples, the testimony was relevant to explain the officers' actions. Moreover, Sandoval specifies no criteria for finding this evidence inadmissible, even if an objection had been made.[6] His conclusory charge of "prejudice" does not satisfy his burden of showing that his representation was ineffective.
 
 
 19
 Finally, Sandoval asserts that the combination of unspecified attorney errors deprived him of a fair trial. Sandoval's general complaint fails to establish constitutionally ineffective assistance of counsel.
 
 
 20
 On the record before us, there is no indication of any attorney conduct which was unreasonable, or prejudicial, or which undermines our confidence in the trial's outcome.
 
 
 21
 D. Evidentiary Hearing. Although the report reveals a painstakingly careful review of the trial record, Sandoval complains that he was entitled to an evidentiary hearing on the claim of ineffective assistance of counsel.
 
 
 22
 "[T]here is no absolute right to an evidentiary hearing in every case involving a claim of ineffectiveness of counsel.' " Brecheen v. Reynolds, --- F.3d ----, ----, No. 94-7084, 1994 WL 562159, at # 15 (10th Cir. Oct. 14, 1994) (quoting Parks v. Brown, 840 F.2d 1496, 1509 (10th Cir.1987), rev'd. on other grounds, Saffle v. Parks, 494 U.S. 484 (1990)). As a threshold requirement, a petitioner "bears the burden of alleg[ing] facts which, if proved, would entitle him to relief." Id. (quoting Townsend v. Sain, 372 U.S. 293, 312 (1963)). Only if a petitioner carries this burden, is an evidentiary hearing mandatory. Id. "Where an evidentiary hearing is not mandatory, however, such hearing is discretionary with the district court and its determination is reviewable for abuse of discretion. Dever v. Kansas State Penitentiary, --- F.3d ----, ----, No. 92-3412, 1994 WL 554653 at * 2 (Oct. 11, 1994).
 
 
 23
 Sandoval's conclusory complaints fail to allege any facts which, if proved, would entitle him to relief. Thus, we conclude that the district court did not abuse its discretion in not holding an evidentiary hearing.
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Our review of the record discloses no filed objections. However, shortly after he received the report, and almost a month before the district court issued its order, Sandoval did file a document entitled "Notice of Appeal." R. Vol. I, Tab 21 at unnumbered 3. Indicating that his appointed counsel refused to appeal further, he asked for additional time to appeal pro se. Id. Apparently, the district court judge treated this filing as a general objection
 
 
 [3]
 Sandoval's claim of ineffective assistance of counsel in this habeas proceeding relates to his appointed counsel's failure to file timely objections. The constitutional right to counsel does not extend to collateral proceedings. Pennsylvania v. Finley, 481 U.S. 551, 558 (1987). Furthermore, the district court entertained his objections in any event, and Sandoval was not prejudiced
 
 
 [4]
 Sandoval complains that the district court should have conducted an evidentiary hearing before adopting this conclusion. However, in resolving a habeas claim of insufficient evidence, the court does "not sit as a new trier of fact." Tapia, 926 F.2d at 1563. Rather, the court reviews the trial record, applying the standard specified above
 
 
 [5]
 New Mexico Rules of Evidence, SCRA 1986, Rule 11-702 (1994 Repl.), provides that a witness may testify as an expert if he is qualified by knowledge, skill, experience, training or education
 
 
 [6]
 We construe Sandoval's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir.1993). In his memorandum to the district court, Sandoval's attorney cited various New Mexico Rules of Evidence which govern the admissibility of relevant evidence. R. Vol. I, Tab 12 at 14. However, even if these rules were improperly applied, we do not review errors of state law. Estelle v. McGuire, 502 U.S. 62, , 112 S.Ct. 475, 477 (1991). In any event, we agree with the magistrate judge: "Even if the statement was not admitted, the verdict would not have been different.... [F]ailure to object was not prejudicial." R. Vol. I, Tab 20 at 11-12