70 F.3d 1282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry R. ROLLINS, Petitioner-Appellant,
v.
Ron CHAMPION; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-7182.
 United States Court of Appeals, Tenth Circuit.
 Nov. 7, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Larry Rollins appeals from the district court order which adopted the findings and recommendations of the magistrate judge and denied Rollins' petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Rollins contends that the district court erred in ruling that 1) his trial counsel had not been ineffective, and 2) the state's withholding of evidence did not require reversal. We affirm.
 
 
 3
 Rollins, together with two codefendants, was tried in Oklahoma state court by a jury that convicted him for the crime of robbery with firearms. In the sentencing proceeding, the jury sentenced Rollins to forty years' imprisonment, taking into account two prior felony convictions. His conviction and sentence were affirmed on direct appeal, and his subsequent application for post-conviction relief was denied. He has thus exhausted his state court remedies.
 
 
 4
 For his first claim of error, Rollins asserts that he was denied his constitutionally guaranteed right to effective assistance of counsel. He argues that his attorney acted incompetently in withdrawing a motion for a mistrial which the trial court had already granted and in failing to fully advise him of the possible consequences. He states that he failed to appreciate that the "evidentiary harpoon" upon which the mistrial was predicated, i.e., a prosecution witness's reference to another charge involving a former felony conviction, was particularly prejudicial to him. Specifically, he contends that the evidentiary harpoon, taken together with other evidentiary errors, caused the jury to impose a harsher sentence on him than was meted out to his codefendants.
 
 
 5
 We review de novo the district court's determination that a petitioner was not denied effective assistance of counsel. Minner v. Kerby, 30 F.3d 1311, 1316 (10th Cir.1994). To establish ineffective assistance of counsel, a petitioner has the burden of showing both that his attorney's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Gillette v. Tansy, 17 F.3d 308, 310 (10th Cir.1994). In the first instance, he must overcome the strong presumption that counsel's conduct was reasonable. Strickland, 466 U.S. at 689. In the second, he must show that, but for the deficiency, there is a reasonable probability that the result of the proceedings would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Of course, if there is no prejudice, it is unnecessary to analyze the claim further. United States v. Haddock, 12 F.3d 950, 955 (10th Cir.1993) (citing Strickland, 466 U.S. at 697).
 
 
 6
 In this case, the trial transcript reveals a thorough in camera hearing in connection with the decision to proceed with trial. R.Vol. VII at 558-64. According to the transcript, the attorneys separately consulted with their clients, and all parties agreed to withdraw the mistrial motion. Moreover, the court fully advised Rollins that if he were found guilty, he would be waiving any claim based on the mistrial. Id. at 559-60. Therefore, we agree with the magistrate's conclusions that, in these circumstances, by agreeing to proceed, Rollins knowingly and voluntarily waived any claim of prejudice resulting from the withdrawal of the mistrial motion.
 
 
 7
 Additionally, aside from any issue of waiver, our review of the record discloses overwhelming evidence of Rollins' guilt, and we find no reasonable probability that a different result would have been reached in a new trial, or in the same trial conducted free of the "evidentiary harpoon." Furthermore, Rollins' conclusory claim of prejudice goes only to the sentencing stage of the trial, not the conviction stage. In the sentencing stage, the jury was properly advised of Rollins' previous felonies, and therefore any inference it may have drawn from the testimony during trial could not have been prejudicial at sentencing. Accordingly, after full review, we find that our confidence in the outcome of the trial, both at conviction and sentencing, is not undermined.
 
 
 8
 As his second claim of error, Rollins contends that the state failed to provide him with a potentially exculpatory initial statement given by the robbery victim which indicated that the gunman had a beard. Since Rollins had no beard, he claims the information would have allowed him to impeach or discredit the victim's in-court identification of him as the gunman. Rollins' claim is not supported by the record. His attorney was apprised of the initial statement at the preliminary hearing which took place more than two months before the trial. R.Vol. III at 293-94. Moreover, during cross-examination at trial, his counsel did attempt to discredit the victim's identification on the basis of that initial statement. R.Vol. IV at 347-48.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470