**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT WILLIAM DESPAIN,

        Plaintiff-Appellant,

v.

JUDY UPHOFF, individually and in
her official capacity as Director of
Wyoming Department of Corrections;
ROBERT E. ORTEGA, individually
and in his official capacity as
Assistant Director, Wyoming
Department of Corrections; JACK J.
SEXTON; BRUCE DANIELS;
GARY STARBUCK; VANCE
EVERETT; WILLIAM HETTGAR,
individually and in their official
capacity as Acting Wardens,
Wyoming Department of Corrections,
Wyoming State Penitentiary; LARRY
HEFFNER, individually and in his
official capacity as Officer Major,
Wyoming Department of Corrections,
Wyoming State Penitentiary; JERRY
STEELE; JACK BATTS, individually
and in their official capacity as
Associate Wardens, Wyoming
Department of Corrections, Wyoming
State Penitentiary; GARY HALTER,
Sgt., individually and in his official
capacity as Correctional Officer,
Wyoming Department of Corrections,
Wyoming State Penitentiary;
BARBARA MUSGRAVE,
individually and in her official
capacity as Property Manager,

No. 99-8106
(D.C. No. 97-CV-280-D)
(D. Wyo.)

Wyoming Department of Corrections, Wyoming State Penitentiary; DAWNA ERICKSON; CANDACE HAWK, individually and in their official capacity as Teachers, Wyoming Department of Corrections, Wyoming State Penitentiary; MARK SIMONS, individually and in his official capacity as Counselor, Wyoming Department of Corrections, Wyoming State Penitentiary; HARRIET CARLSON, individually and in her official capacity as Business Office Employee, Wyoming Department of Corrections, Wyoming State Penitentiary; DR. FERGUSON, DR. ENGLESJORD, individually and in their official capacity as Medical Doctors, Wyoming Department of Corrections, Wyoming State Penitentiary,

Defendants-Appellees.

---

## ORDER AND JUDGMENT [*]

---

Before **BRORBY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Robert DeSpain appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. The district court defined plaintiff's issues as: (1) denial of freedom of religion; (2) denial of access to courts; (3) substantive and procedural due process violations; and (4) cruel and unusual punishment. He also asserted state law claims of libel and slander. The district court dismissed all of plaintiff's civil rights claims for failure to state a cause of action and declined to exercise pendent or supplemental jurisdiction over his state law claims.

On appeal, plaintiff limits his challenge to two issues: (1) whether the district court erred in dismissing his complaint prior to service and response by defendants without affording him an opportunity to amend his complaint, and (2) whether the district court erred in dismissing his complaint that he was subjected to atypical conditions of punitive confinement in retaliation for instituting a lawsuit. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand the case for further proceedings.

## I. Background

In his initial complaint, filed on December 1, 1997, plaintiff asserted claims arising from a lock-down ordered after the murder of a guard by three prisoners in the Wyoming State Penitentiary in June 1997. Plaintiff claimed that during the lock-down, he was denied outdoor or indoor recreation, religious materials, access to legal assistance, and appropriate medical care. He asserted that his personal property was confiscated "in a 'mass' property reform act by the Dept. of Corrections." R. Doc. 1 at 6. In addition, he alleged an Eighth Amendment cruel and unusual punishment claim arising out of a two-day placement in an isolation cell on September 23, 1997. His amended complaint included similar claims arising from a five-day placement in an isolation cell on December 22, 1997. The district court dismissed all of plaintiff's contentions for failure to state a claim, but it is only the latter two incidents of isolated confinement that form the basis for his claims on appeal.

Petitioner alleged that during his September 1997 incident of isolation he was placed on "'Red Tag' status" and denied a mattress, bedding, and hygiene items. He claims he was left in his boxer shorts in an unheated "strip cell" for seventy-two hours with the outdoor temperature ranging between thirty to forty degrees. R. Doc. 1 at 11. He stated that the temperature in the cell was cold and he "walked for hours" and "would wrap up [his] torso with toilet paper trying to

-4-

stay warm." *Id.* at 11-12. He alleged he was given no explanation for this punitive action.

During his December 1997 five-day placement in isolation, plaintiff alleged he was handcuffed and taken to an isolation cell where, for a three-day period, he was housed without hygiene items, a mattress, or any bedding except for a "suicide" blanket and toilet paper. *Id.* Doc. 24 at 17. He was eventually allowed to have a shower and given a mattress. The prisoner in the isolation cell next to plaintiff, Abdullah Amin, inquired of a guard, Officer Pacheco, as to why they were in isolation. Plaintiff claims that Officer Pacheco responded that Amin was in isolation for assaulting guards and plaintiff was in isolation for "being a dickhead and because [plaintiff] was suing him." [1] *Id.* at 19.

On December 27, 1997, after five days in isolation, plaintiff was advised that he was being charged with various rule violations including sexual assault, fondling, and issuing threats. He had three hearings on these charges, but was not allowed to be present for two of the hearings because he was disruptive. He was convicted of five major rule violations and one general rule violation and sentenced to fifty-four months in punitive segregation. [2]

---

[1] Officer Pacheco was named as a defendant in plaintiff's original and amended complaints.

[2] Plaintiff was released back into the general population on November 17, 1999, after approximately twenty-three months in segregation.

## II. Discussion

Title 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss an in forma pauperis case if, at any time, it determines that the case "fails to state a claim on which relief may be granted." Section 1915A(a) requires the court to "review, before docketing . . . or . . . as soon as practicable after docketing" all civil complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court then must dismiss the complaint if it "fails to state a claim upon which relief may be granted." § 1915A(b)(1). Further, a district court may always dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *McKinney v. Oklahoma Dep't of Human Servs*., 925 F.2d 363, 365 (10th Cir. 1991) (internal quotation marks and citations omitted). Although it is unclear whether the district court based its dismissal of plaintiff's complaint on Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915(e)(2)(B)(ii), or 28 U.S.C. § 1915A(b)(1), our disposition of this case would be the same regardless of the basis invoked.

This court reviews de novo an order dismissing a prisoner's case for failure to state a claim. *See Hunt v. Uphoff,* 199 F.3d 1220, 1223 (10th Cir. 1999); *see also Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999)

(establishing the de novo standard of review for a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (stating that a de novo standard of review is applicable to a Rule 12(b)(6) dismissal).

Dismissal for failure to state a claim is proper only where, after accepting all factual allegations as true, the "'plaintiff can prove no set of facts in support of his claims that would entitle him to relief.'" *Leonhardt v. Western Sugar Co*., 160 F.3d 631, 634 (10th Cir. 1998) (*quoting Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998)). We liberally construe a pro se litigant's pleadings, but this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, an in forma pauperis complaint may not be dismissed merely because a court finds the "allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Thus, the question before this court on appeal is whether plaintiff's complaint and amended complaint alleged sufficient facts to support a legal claim.

### A. Cruel and Unusual Conditions of Confinement

The Eighth Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, "prohibits the infliction of 'cruel and unusual punishment' on those convicted of crimes." *See Wilson v. Seiter*, 501

U.S. 294, 297 (1991). The Eighth Amendment requires jail officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).

To hold a prison official personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component. *See id*. The objective component requires that the alleged deprivation be "sufficiently serious." *Wilson*, 501 U.S. at 298. Jail conditions may be "'restrictive and even harsh'" without violating constitutional rights. *Barney*, 143 F.3d at 1311 (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Indeed, "only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (internal quotation marks and citation omitted); *accord Farmer v. Brennan*, 511 U.S. 825 (1994).

This inquiry turns not only on the severity of the alleged deprivations, but also on their duration. *See Barney*, 143 F.3d at 1311 ("An important factor in determining whether the conditions of confinement meet constitutional standards is the length of the incarceration."). Additionally, when, as in this case, a claim

involves a number of inhumane confinement conditions, the court must bear in mind that:

> Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise--for example, a low cell temperature at night combined with a failure to issue blankets. . . . Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.

*Wilson*, 501 U.S. at 304-05 (citations omitted); *accord Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996) (citing cases where deprivation of human needs found to be Eighth Amendment violation).

The subjective component requires the jail official to have a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 297. In the context of prison-conditions claims, the required state of mind is one of "'deliberate indifference' to inmate health and safety." *Farmer*, 511 U.S. at 834 (*quoting Wilson*, 501 U.S. at 302-03). In other words, a prison official is liable only if he or she "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "It is not enough to establish that the official should have known of the risk of harm." *Barney*, 143 F.3d at 1310.

Here, plaintiff's allegations that on two separate occasions he was placed in isolation without clothes, a mattress, or bedding, and without any means to keep warm support his conditions of confinement claim sufficiently to withstand sua sponte dismissal.   *See Wilson* , 501 U.S. at 304-05 (defining warmth as an "identifiable human need," the deprivation of which may constitute an Eighth Amendment violation).    In a case with similar facts to those alleged by plaintiff, this court reversed the district court's grant of judgment as a matter of law on the appellant's claim of cruel and unusual punishment where the appellant had been

> stripped of his clothing, placed in a concrete cell, with no heat at a time when nighttime temperatures hovered in the mid-fifties, provided no mattress, blankets or bedding of any kind, deprived of his prescription eyeglasses, not allowed to leave his cell for exercise, not provided with writing utensils, not provided with adequate ventilation, not provided with hot water, and only sometimes allowed minimal amounts of toilet paper.

*Mitchell* , 80 F.3d at 1442.  The   *Mitchell*  court concluded that these conditions "could constitute a violation of [plaintiff's] right to be free of cruel and unusual punishments."   *Id.* at 1443.

Although the court on remand will have to determine whether the relatively short duration of the deprivation ameliorates the violation, we conclude that plaintiff has stated a claim of cruel and unusual conditions of confinement sufficient to withstand summary dismissal.

## B.  Retaliation

-10-

Even though incarcerated, plaintiff retains fundamental constitutional rights. *See Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). This court has "held that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quotations omitted). "This principle applies even where the action taken in retaliation would be otherwise permissible." *Id.* (quotation omitted).

Here, plaintiff alleged that the harsh disciplinary treatment he received in isolation was in retaliation for filing his original complaint. Prisoners have a constitutional right of access to the courts, and may therefore assert § 1983 claims alleging that prison officials retaliated against them for exercising that right. *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (holding that "[t]he existence of an improper motive for disciplining a prisoner which results in interference with a constitutional right" gives rise to a cause of action under § 1983). To withstand dismissal, however, plaintiff must plead facts evincing a retaliatory motive. *See Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

"[B]ecause the ultimate fact of retaliation turns on defendant's state of mind, it is particularly difficult to establish by direct evidence." *Smith*, 899 F.2d at 949. As in *Smith*, a claim of such retaliation may be established by "the only

means available . . . circumstantial evidence." *Id*. at 949. Here, we believe plaintiff's complaint alleged such circumstantial evidence.

Plaintiff asserted that he was placed in segregation without notice of the charges against him and without a hearing. *See Hughes v. Rowe*, 449 U.S. 5, 11 (1980) (noting that if the purpose of segregation is punishment, "[s]egregation of a prisoner without a prior hearing may violate due process if the postponement of procedural protections is not justified by apprehended emergency conditions."). Accepting plaintiff's statements as true, *see Leonhardt*, 160 F.3d at 634, it is apparent that the conditions in plaintiff's isolation cell were punitive. Moreover, there is obviously "temporal proximity" between the filing of plaintiff's original complaint on December 1, 1997, and his placement in isolation on December 22, 1997. *Smith*, 899 F.2d at 948. Plaintiff asserts that when Amin questioned Officer Pacheco as to the reason for their segregation, Officer Pacheco responded that plaintiff was there for filing suit.

Therefore, insofar as plaintiff is asserting that he was placed into punitive segregation in retaliation for exercising his constitutional rights in filing a civil rights action against defendants, plaintiff states a cause of action. In concluding that plaintiff has sufficiently supported his allegations of retaliation, we are not, however, suggesting that a reasonable fact finder would necessarily find in his favor. Rather, we are only concluding that on the facts and evidence provided,

summary dismissal of plaintiff's retaliation claim was improper. *See Frazier* , 922 F.2d at 562 ("Because [plaintiff] may be able to prove that his transfer was a result of improper retaliation by prison officials to punish plaintiff for constitutionally protected activity," dismissal as frivolous under § 1915(d) was improper); *cf. Smith* , 899 F.2d at 947-49 (discussing evidentiary showing on claim of retaliation sufficient to survive summary judgment).

## C.  Leave to Amend

Finally, plaintiff asserts that the district court erred in dismissing his complaint without affording him leave to amend.  Whether to allow amendment of a complaint is a matter left to the district court's discretion.  *See Gillette v. Tansy* , 17 F.3d 308, 312 (10th Cir. 1994).  Therefore, because we are remanding the case to the district court for further proceedings, the issue of amendment is best left to the district court's discretion on remand.

## III.  Conclusion

Here, accepting plaintiff's factual allegations as true, *see Leonhardt*, 160 F.3d at 634, it is clear that he has alleged sufficient facts upon which a cognizable legal claim could be based, *see Hall*, 935 F.2d at 1110. Therefore, the judgments of dismissal of the United States District Court for the District of Wyoming as to plaintiff's Eighth Amendment claim of cruel and unusual punishment and his claim of retaliation for exercising his constitutional rights are REVERSED, and the claims are REMANDED for further proceedings in accordance with this order and judgment.

Entered for the Court

Wade Brorby
Circuit Judge