**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HECTOR OMAR SANTOYO,

Petitioner-Appellant,

v.

JUSTIN JONES, Director,

Respondent-Appellee.

No. 06-6303
(D.C. No. CIV-05-1253-L)
(W.D. Okla.)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

---

Before **McCONNELL**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

Hector Omar Santoyo, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) that would allow him to challenge the district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Santoyo has failed to make "a substantial showing of the denial of a constitutional right," we DENY his request for a COA and dismiss the appeal. *Id.* at § 2253(c)(2).

## I. Background

In 2002, an Oklahoma jury convicted Mr. Santoyo of trafficking in illegal drugs. He was sentenced to life imprisonment and assessed a fine of $75,000. He filed a direct appeal (with different counsel representing him), contending that the

evidence presented at trial was insufficient to support his conviction, prosecutorial misconduct denied him a fair trial, his sentence was excessive, and the cumulative effect of these errors denied him a fair trial. In 2004, the Oklahoma Court of Criminal Appeals (OCCA) rejected these four contentions and affirmed Mr. Santoyo's conviction and sentence.

Mr. Santoyo then filed an application for post-conviction relief in state court, asserting that the separate and cumulative effect of trial court errors and prosecutorial misconduct deprived him of a fair trial and due process of law, he was denied his Sixth Amendment right to effective assistance of trial and appellate counsel, and his conviction and sentence should be vacated because he is actually innocent.[1] In September 2005, the state court denied his application for post-conviction relief, stating:

> With the exception of his claim of ineffective assistance of appellate counsel, Petitioner could have raised the arguments in the instant Application on direct appeal. Indeed, his claim of prosecutorial misconduct has been previously raised and rejected. As such it is barred by the doctrine of *res judicata*. Petitioner's remaining claims are barred by the doctrine of waiver.
>    Even were this Court not to apply the procedural bar of waiver, Petitioner would not be entitled to the collateral relief he now seeks.

R. Doc. 26, Ex. D at 3; *see Browning v. State*, 144 P.3d 155, 156 (Okla. Crim. App. 2006) ("We will not treat the post-conviction process as a second appeal,

---

[1]    We note that the cumulative-error claim raised in Mr. Santoyo's application for post-conviction relief relied upon some alleged trial court errors that he did *not* present on direct appeal.

-2-

and will apply the doctrines of *res judicata* and waiver where a claim either was, or could have been, raised in the petitioner's direct appeal."), *cert. denied*, 127 S. Ct. 406 (2006). The state court also rejected Mr. Santoyo's ineffective-assistance-of-appellate-counsel claim, noting that counsel was not required to raise every conceivable argument for review on appeal and concluding that Mr. Santoyo had failed to establish that counsel's performance was "constitutionally deficient." R. Doc. 26, Ex. D at 5 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

In October 2005, while his appeal to the OCCA from the denial of his application for post-conviction relief was pending, Mr. Santoyo petitioned the federal district court for a writ of habeas corpus under 28 U.S.C. § 2254. In the petition he sought relief on eight grounds. Specifically, he alleged that: (1) the evidence was insufficient to support his conviction, (2) prosecutorial misconduct deprived him of a fair trial and due process of law, (3) his sentence was unconstitutionally excessive, (4) the separate and cumulative effect of trial court errors and prosecutorial misconduct deprived him of a fair trial and due process of law, (5 and 6) he was denied his Sixth Amendment right to effective assistance of trial counsel, (7) he was denied his Sixth Amendment right to effective assistance of appellate counsel, and (8) his conviction and sentence should be vacated

because he is actually innocent.[2]  In January 2006, the OCCA affirmed the denial of Mr. Santoyo's application for post-conviction relief.  In September 2006, the federal district court, adopting the magistrate judge's July 2006 thirty-nine page report and recommendation, denied his habeas petition.  In so doing, the district court held that the OCCA's on-the-merits rejection on direct appeal of grounds one through three was not contrary to, or an unreasonable application of, clearly established federal law.  *See id.* at § 2254(d).  Turning to grounds four, five, six, and eight, the district court found that the OCCA's reliance on its procedural bar rule, in its post-conviction disposition, was an adequate and independent ground for its decision such that the district court would only consider the merits of these grounds if Mr. Santoyo demonstrated cause for the default and actual prejudice, or that a fundamental miscarriage of justice would result from the court's failure to consider them.  *See Smith v. Mullin*, 379 F.3d 919, 925 (10th Cir. 2004) (observing that habeas petitioner will not receive review of claims "defaulted in state court on independent and adequate state procedural grounds unless [petitioner] has demonstrated cause and prejudice or a fundamental miscarriage of justice"); *see also English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998) (stating that Oklahoma's procedural bar will preclude habeas review of ineffective assistance claims only when "trial and appellate counsel differ" and the "claim

---

[2]    Ground four mirrors the cumulative-error claim raised in his state court application for post-conviction relief.

can be resolved upon the trial record alone"). Next, the court construed ground seven as asserting that ineffective assistance of appellate counsel was both cause for Mr. Santoyo's procedural default and a separate ground for habeas relief. But the court essentially held that the OCCA's on-the-merits rejection of ground seven was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d). Thus, the district court concluded that Mr. Santoyo had not demonstrated cause for the default of grounds four, five, six, and eight; that it was unnecessary to determine whether he had demonstrated actual prejudice; and that a fundamental miscarriage of justice would not result from the court's failure to consider these grounds. The district court also denied Mr. Santoyo's motion to supplement the record with a May 2006 letter from the Mexican Consulate because it did not, in accordance with Rule 7(b) of the Rules Governing Section 2254 Cases, predate his October 2005 habeas corpus petition. And, citing 28 U.S.C. § 2254(e)(2), the district court found that he had not shown that he was entitled to an evidentiary hearing. *See also* R. Doc. 26, Ex. D (order denying application for post-conviction relief) at 5 (stating that petitioner had not demonstrated his entitlement to an evidentiary hearing).

Mr. Santoyo subsequently sought a COA from the district court and requested leave to proceed in forma pauperis (IFP) on appeal. The district court denied his request for a COA and denied his application to proceed IFP, ruling

that he had "not presented a reasoned, nonfrivolous argument on appeal and that the appeal [wa]s not taken in good faith." *Id.* Doc. 47 at 3.

## II. Discussion

In his application for a COA and his opening brief, Mr. Santoyo repeats grounds one, two, and seven (insufficient evidence, prosecutorial misconduct, and ineffective assistance of appellate counsel), and, as far as we can discern, objects to the district court's dismissal, on procedural grounds, of grounds four, five, six, and eight (cumulative error, ineffective assistance of trial counsel, and actual innocence).[3] He also asserts that the district court abused its discretion by not holding an evidentiary hearing with appointed counsel, and by denying his motion to supplement the record with a letter from the Mexican Consulate. Finally, he asserts that the district court erred by not addressing his argument that the "state's procedural rule requiring that all claims of ineffective assistance of trial counsel be raised on direct appeal with supplementation of the record by evidentiary hearing, and general failure of [public defenders] assigned to non-capital cases to do so, renders the [procedural] rule inadequate to bar federal review." Application for a COA at 2e.

---

[3] Mr. Santoyo withdrew ground three (excessive sentence). R. Doc. 39 at 7 ("Petitioner . . . voluntarily withdraws . . . claim [three]."); *id.* Doc. 41 at 3 (same).

A habeas petitioner like Mr. Santoyo may appeal the denial of his petition for relief under 28 U.S.C. § 2254 only if the district court or this Court first issues a COA. *Id.* at § 2253(c)(1)(A). A COA will issue only if a petitioner makes a "substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). To the extent that the district court dismisses the petition on procedural grounds, a petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Further, we review for abuse of discretion the district court's decisions to deny a petitioner's request for an evidentiary hearing, and a petitioner's motion to supplement the record. *Schiriro v. Landrigan*, 127 S. Ct. 1933, 1937, 1939-40 (2007) (request for evidentiary hearing); *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 858 (10th Cir. 2005) (same); *Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (motion to supplement record).

Even under the liberal standard by which we judge a pro se litigant's pleadings, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), Mr. Santoyo has failed to convince us that the district court should have resolved

his petition differently. Specifically, reasonable jurists could not debate the federal district court's determination that the OCCA's rejection of grounds one, two, and seven was not contrary to, or an unreasonable application of, the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (insufficient evidence), *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (prosecutorial misconduct), and *Strickland*, 466 U.S. at 687 (ineffective assistance of counsel). Likewise, because Mr. Santoyo cannot demonstrate cause and prejudice for his procedural default of grounds four, five, six, and eight, and because his claims of a fundamental miscarriage of justice are unavailing, jurists of reason would not find it debatable whether the district court was correct in its procedural rulings on these grounds. *See Smith*, 379 F.3d at 925. Moreover, the district court did not abuse its discretion in finding that Mr. Santoyo had not shown entitlement to an evidentiary hearing, or in denying his motion to supplement the record, and the court did not err by failing to explicitly address his argument, as we understand it, that federal review cannot be barred by Oklahoma's procedural rule requiring that ineffective-assistance-of-trial-counsel claims be raised on direct appeal.

### III. Conclusion

Mr. Santoyo's application for a COA is DENIED and the appeal is DISMISSED. His application to proceed IFP on appeal is GRANTED.

Entered for the Court


Michael W. McConnell
Circuit Judge