57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Alan CRANE, Plaintiff-Appellant,
v.
L.L. YOUNG, Warden, Defendant-Appellee.
 No. 95-7033.
 United States Court of Appeals, Tenth Circuit.c
June 20, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Plaintiff Richard Alan Crane, appearing pro se, appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C.1983 complaint. We have jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 2
 On April 4, 1994, Plaintiff filed a complaint alleging Defendant violated his due process rights by failing to restore good time credits that were revoked when he pled guilty to escape from the Oklahoma Department of Corrections. On May 2, 1994, the district court ordered Defendant to submit a report pursuant to Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir.1978).
 
 
 3
 On June 26, 1994, Defendant filed a "Motion to Dismiss/Motion for Summary Judgment" along with the Martinez report. On August 22, 1994, Plaintiff filed a response to the Motion to Dismiss, and attached a Motion to Amend his complaint. In the Motion to Amend, Plaintiff asserted that he "inadvertantly framed his claim as a due process argument, when in fact it is properly phrased as one of a denial of equal protection." Doc. 20, Ex. A. On December 22, 1994, the district court granted the Defendant's Motion to Dismiss without ruling on Plaintiff's Motion to Amend. Subsequently, Plaintiff attempted to file an additional handwritten Motion to Amend in which he informed the court that it had never ruled on his previous Motion to Amend. The clerk returned the motion to Plaintiff unfiled, explaining that the complaint had been dismissed. This appeal followed.
 
 
 4
 On appeal, Plaintiff contends that the district court erred in not ruling on his Motion to Amend before it dismissed his complaint. We agree.
 
 
 5
 Fed.R.Civ.P. 15 governs the amendment of pleadings in federal court. Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "When a court refuses leave to amend, it must state its reasons [for refusing]." Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir.1994) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). However, a court need not grant leave if the amendment would be, inter alia, futile. Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 
 6
 In the instant case, the district court simply did not rule on Plaintiff's Motion to Amend. While we express no opinion on the merits of Plaintiff's Motion to Amend, we VACATE the district court's dismissal of Plaintiff's complaint, and REMAND to the district court to rule on Plaintiff's Motion to Amend. Gilles v. United States, 906 F.2d 1386, 1391 (10th Cir.1990) (remanding for reconsideration of motion to amend that was not expressly ruled upon).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor parties request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument