**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MURTAZA ALI,

     Plaintiff-Appellant,

v.

WALTER DINWIDDIE, Warden at
DCCC; STEVEN BECK, Warden at
MACC; ANITA TRAMMELL, Deputy
Warden at MACC; LEWIS McGEE,
Chief of Security at MACC; RONNIE
BOWEN, Captain at MACC; MATTHEW
HAMPTON, Officer at MACC; C. T.
HURD, Unit Manager at MACC;
RUSSELL GOLDEN, Hearing Officer at
MACC; PHILLIP WILSON, Hearing
Officer at MACC; THOMAS SHARP,
Warden's Asst. at MACC; AL BLAIR,
Warden's Assistant at DCCC; DEBBIE L.
MORTON, Designee for Director of
DOC; JOHN DOE, Unknown Employee,
Chief of Security at DCCC 01/2006; and
DEPARTMENT OF CORRECTIONS,
STATE OF OKLAHOMA, The State of
Oklahoma, ex rel.,

     Defendants-Appellees.

No. 08-5033

(D.C. No. 4:07-CV-00059-TCK-SAJ)
(N. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Murtaza Ali (Plaintiff), a state prisoner appearing pro se, appeals the district court's dismissal of his civil rights suit brought pursuant to 42 U.S.C. § 1983. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and REVERSE and REMAND.

Plaintiff brings several constitutional claims arising out of an incident which occurred while he was incarcerated at the Mack Alford Correctional Center (MACC). Plaintiff alleges that MACC correctional officer Matthew Hampton entered his cell, insulted him using a racial epithet, ordered him to place his hands against the wall of the cell, and proceeded to punch and kick him. Plaintiff claims that MACC personnel then refused to provide him medical assistance to treat the injuries, and instead placed him in segregated confinement. He was subsequently transferred to the Dick Conner Correctional Center (DCCC) and placed in a unit with what he characterized as the most dangerous and violent inmates in the prison.

The complaint names fifteen parties as defendants, including the State of Oklahoma and the Department of Corrections (DOC). The other thirteen defendants were

all employees of the DOC, and were sued in both their individual and official capacities. Plaintiff's alleges that: (1) MACC personnel were not adequately trained to look after his safety and well being; (2) Defendant Hampton used excessive force against him; (3) MACC personnel deliberately ignored his need for medical attention after the attack; (4) his transfer to DCCC was an act of retaliation for his decision to file a civil rights lawsuit; and (5) MACC's disciplinary and grievance proceedings violated his right to substantive and procedural due process.

In light of these allegations, the district court ordered the Department of Corrections to prepare a Special Report reviewing Plaintiff's complaint pursuant to this court's opinion in Martinez v. Aaron, 570 F.2d 317, 318-319 (10th Cir. 1978) (en banc) (per curiam). Based on the report, the court found that

> Hampton entered Plaintiff's cell to investigate an odor coming from the cell. Defendant Hampton observed that Plaintiff had slurred speech and appeared intoxicated. Hampton asked Plaintiff to step out of the cell. While Defendant Hampton was "pat searching" Plaintiff, a small plastic baggie containing four (4) blue pills fell to the floor. As Hampton knelt down to pick up the baggie of contraband, Plaintiff's right shoulder struck Hampton's left shoulder, knocking the correctional officer back. Defendant Hampton responded by using his arm to push Plaintiff away and handcuffing him. . . . After being handcuffed, Plaintiff was taken to the showers for a strip search, at which time Defendant Hampton and another correctional officer noticed Plaintiff holding something in his hand. Plaintiff refused an order to turn over the object in his hand, placed the object in his mouth and swallowed. Plaintiff later admitted that he had swallowed five Zanax pills. Plaintiff was then escorted to get medical attention where duty nurse Pugh examined him. Nurse Pugh recommended that Plaintiff be transported to the hospital for detox due to the unknown quantity of drugs he had ingested. The nurse also filed a report of her examination which indicated that she did not find any significant injuries caused by the incident. Plaintiff was transported to Colgate Hospital and

-3-

treated for potential drug overdose. Significantly, Plaintiff did not complain of any injuries while at the hospital.

ROA, Doc. 57 at 6. The Special Report also indicated that Plaintiff was charged with several disciplinary violations as a result of this incident, and was given a written notice of the charges and was found guilty of the violations after a full hearing on the merits.

The district court relied upon the Eleventh Amendment to dismiss Plaintiff's claims against the State of Oklahoma and the DOC, as well as his claims for monetary damages against the individual defendants sued in their official capacities. Plaintiff does not challenge those rulings. Plaintiff does appeal the court's denial of his motion to amend his complaint, as well as the court's entry of summary judgment in favor of the defendants on all of his remaining claims.

"We review the denial of a motion to amend for abuse of discretion." Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007). The Federal Rules of Civil Procedure provide that the district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff filed two motions to amend his complaint, both of which sought to conform his allegations to the evidentiary materials contained in the Martinez report. The initial motion was actually a request for leave to file an amended complaint, and came

-4-

twenty days after the filing of the <u>Martinez</u> report. The second motion to amend came five months after the filing of the <u>Martinez</u> report. The district court denied both motions, writing that "in light of the procedural posture of this case, the Court finds Plaintiff's two motions to file an amended complaint should be denied. Defendants have filed dispositive motions based on the claims asserted by Plaintiff in the original complaint. Resolution of Defendants' pending motions would be further delayed if Plaintiff were allowed to file either of the proposed amended complaints." ROA, Doc. 57 at 20.

We conclude that the district court abused its discretion in denying Plaintiff's initial request for leave to file an amended complaint. While undue delay is a justification for denying a motion to amend, the district court's reliance upon undue delay in this case is not supported. The Defendants' motion to dismiss was filed on the same day as the filing of the <u>Martinez</u> report. Twenty days after receiving the documentation contained in the <u>Martinez</u> report, Plaintiff filed his motion to amend. Whatever delay would have been created by allowing Plaintiff's amendment, it was certainly not undue. To hold otherwise would amount to a rule allowing an inmate to receive information contained in a <u>Martinez</u> report, but not to allow the inmate to promptly amend his complaint upon learning of this additional evidence. So while undue delay is a valid reason for denying leave to amend in some cases, it is not a legitimate basis for denial here, where the Plaintiff filed a prompt motion to amend upon receipt and review of the <u>Martinez</u> report.

This case differs from our opinion in <u>Dopp v. Loring</u>, 245 Fed. Appx. 842 (10th Cir. 2007), where we affirmed a district court's denial of a plaintiff's Rule 15(a) motion

in order to conform his complaint "to the subsequent pleadings and evidentiary materials, particularly, the <u>Martinez</u> report," based on "the fact the . . . Defendants had filed a motion to dismiss based on the claims in the original complaint and resolution of that motion would be delayed if [the plaintiff] were allowed to amend his complaint." <u>Id</u>. at 850. In <u>Dopp</u>, we emphasized that "the request to amend came almost a year after the <u>Martinez</u> report was filed." <u>Id</u>. Here, the motion to amend was filed only twenty days after the filing of the <u>Martinez</u> report. Unlike the inmate-plaintiff in <u>Dopp</u>, Plaintiff did not create needless delay by waiting to file a motion to amend after a long period of time. Plaintiff's motion was filed promptly after he received the <u>Martinez</u> report.

Defendants argued in the district court that "[t]he proposed amendments requested by Plaintiff would . . . be an exercise in futility since they do not add any new factual or legal elements to Plaintiff's already existing § 1983 claims." <u>See</u> ROA, Doc. 34 at 3 (going on to note that "[i]f this court is inclined to grant Defendants' pending Motion to Dismiss . . ., then the inclusion of . . . additional factual allegations of the Plaintiff contained in his Amended Complaint would be futile[.]"). The district court did not address Defendants' futility argument or directly discuss the substance of the proposed amendments. We decline to affirm the district court's dismissal on this alternative rationale.

Plaintiff also argues that the district court should have allowed him to conduct discovery, rather than relying on the Special Report prepared by the DOC, and requests that we overrule our decision in <u>Martinez</u> authorizing that practice. We must decline

Plaintiff's invitation to overrule <u>Martinez</u>.  <u>See</u> <u>Barber v. T.D. Williamson, Inc.</u>, 254 F.3d 1223, 1229 (10th Cir. 2001) (noting that "one panel cannot overrule the judgment of another panel of this court . . . absent en banc consideration or a superseding contrary decision by the Supreme Court.") (internal quotation omitted).

As we conclude that the district court abused its discretion by not allowing Plaintiff to amend his complaint, we need not review the district court's decision to grant summary judgment in favor of the Defendants in their individual capacities on the remaining claims.  <u>C.f.</u> <u>Crane v. Young</u>, No. 95-7033, 1995 U.S. App. LEXIS 15169, at *3 (10th Cir. June 20, 1995) (noting that an inmate's civil rights complaint cannot be dismissed before a proper ruling on a motion to amend).

REVERSED and REMANDED for further proceedings.

Entered for the court,


Mary Beck Briscoe
Circuit Judge